```
            IN THE UNITED STATES DISTRICT COURT

         FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES FREDERICK LONG,          )   2: 08-CV-2350 SOM
                               )
          Plaintiff,           )
                               )   SCREENING ORDER DISMISSING
    vs.                        )   COMPLAINT WITH LEAVE TO AMEND
                               )
CALIFORNIA DEPARTMENT OF       )
CORRECTIONS AND                )
REHABILITATION,                )
                               )
          Defendant.           )
_____  )
```

SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

I.      INTRODUCTION.

Plaintiff James Fredrick Long is a prisoner proceeding pro se. On October 6, 2008, Long filed the Complaint in this matter. Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this court has "screened" Long's Complaint and determined that it fails to state a claim upon which relief may be granted. Accordingly, the Complaint is dismissed. Long is granted leave to amend his Complaint to state viable claims no later than February 26, 2009.

II.     ANALYSIS.

Because Long has filed the present action as a pro se prisoner, this court must screen his Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted and whether it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In the caption to his Complaint, Long identifies the "California Department of Corrections and Rehabilitation, et al." as the "Defendants" in this matter.  Long, however, fails to clearly identify who else besides the California Department of Corrections and Rehabilitation are Defendants in this matter.

Long's Complaint alleges a "handicap" and says that he uses a cane.  It alleges that, on May 29, 2008, correctional officers forced him to walk up and down stairs.  Long asserts that the California Department of Corrections and Rehabilitation therefore violated his civil rights, violated the Americans with Disabilities Act ("ADA"), and was negligent.  Long seeks $8,000,000 in damages.

> A.  The California Department of Corrections and Rehabilitation Has Eleventh Amendment Immunity With Respect to Long's § 1983 and Negligence Claims.

To the extent Long asserts that the California Department of Corrections and Rehabilitation violated his civil rights, Long must be asserting a violation of 42 U.S.C. § 1983, which states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for

2

>             redress, except that in any action brought
>             against a judicial officer for an act or
>             omission taken in such officer's judicial
>             capacity, injunctive relief shall not be
>             granted unless a declaratory decree was
>             violated or declaratory relief was
>             unavailable.  For the purposes of this
>             section, any Act of Congress applicable
>             exclusively to the District of Columbia shall
>             be considered to be a statute of the District
>             of Columbia.

However, the California Department of Corrections and Rehabilitation is a state agency that has Eleventh Amendment immunity from Long's claim for money damages pursuant to § 1983. See Goodman v. Cal. Dept. of Corr. & Rehab., 2008 WL 4610268, 6 (C.D. Cal. October 14, 2008) ("Thus, Defendant California Department of Corrections and Rehabilitation, a state agency, sued for monetary damages and injunctive relief is entitled to Eleventh Amendment immunity."); Alcorn v. Sierra Conservation Ctr., 2008 WL 4470511, 2 (E.D. Cal. Oct. 2, 2008) ("Because SCC is a part of the California Department of Corrections and Rehabilitation, which is a state agency, it is entitled to Eleventh Amendment immunity from suit, and cannot be named as a defendant in this action."); Solvey v. Tilton, 2008 WL 1734189, 1 (E.D. Cal. Apr. 11, 2008) ("Because the California Department of Corrections and Rehabilitation is a state agency, it is entitled to Eleventh Amendment immunity and is an improper Defendant in this suit."). Moreover, as a state agency, the California Department of Corrections and Rehabilitation is not a "person"

for purposes of § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Christman v. Micheletti, 2008 WL 5157493, 1 (9th Cir. Dec. 9, 2008) ("The district court properly dismissed Christman's claims against the California Department of Corrections and Rehabilitation because the state agency is not a 'person' under section 1983.").

Long's negligence claim against the California Department of Corrections and Rehabilitation is similarly barred by the Eleventh Amendment.  See Riggle v. Cal., 577 F.2d 579, 581 (9th Cir. 1978) (holding that California had Eleventh Amendment immunity from a claim asserting that California negligently operated a bridge); Guzman v. Van Demark, 651 F. Supp. 1180 (C.D. Cal. 1987) (dismissing negligence claim asserted against a state agency on Eleventh Amendment immunity grounds).

B.   Long's ADA Claim Fails to Allege Sufficient Facts.

The court also dismisses Long's ADA claim, as it fails to allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007); Lazy Y Ranch Ltd v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  In dismissing Long's ADA claims, the court is expressing no opinion on whether what is alleged actually happened or whether such allegations state a claim upon which relief may be granted.  The court is instead holding that the bare-bones factual allegations are, on the face

4

of the Complaint, insufficient to state a claim upon which relief can be granted.

Long alleges in his Complaint only that, on May 29, 2008, at his place of incarceration, he "was forced to climb 3-flight's of stairs, with cane & guardrails to prevent myself from falling due to my handicap." He further alleges that, as a result, he "sustained a serious staph infection in [his] left palm, as well as psycological & emotional distress." Long therefore appears to be attempting to assert a cause of action under Title II of the ADA, 42 U.S.C. § 12132, although the court is unsure whether it is correct in its characterization of Long's ADA claim.[1] In relevant part, § 12132 states: "no qualified individual with a disability shall, be reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

To state a claim under Title II of the ADA, a plaintiff must allege four elements:

> (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the

---

[1] The court notes that the Eleventh Amendment does not bar claims asserted against the California Department of Corrections and Rehabilitation under Title II of the ADA. See Phiffer v. Columbia River Corr. Inst., 384 F.3d 791, 792 (9th Cir. 2004) ("Our precedent clearly commands the conclusion that the State is not entitled to Eleventh Amendment immunity under Title II of the ADA.").

5

>           benefit of some public entity's services,
>           programs, or activities; (3) the plaintiff
>           was either excluded from participation in or
>           denied the benefits of the public entity's
>           services, programs, or activities, or was
>           otherwise discriminated against by the public
>           entity; and (4) such exclusion, denial of
>           benefits, or discrimination was by reason of
>           the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

Even if this court liberally construes Long's allegations, he fails to sufficiently allege enough facts to demonstrate a claim to relief. Twombly, 550 U.S. 544, ___, 127 S. Ct. at 1974; Lazy Y Ranch Ltd., 546 F.3d at 588. Long merely alleges that he has a "handicap," that he uses a cane, and that he was forced to walk up three flights of stairs. These allegations, by themselves, fail to allege that he is a qualified individual with a disability for purposes of § 12132, as Long fails to sufficiently allege the nature of his disability. This court therefore dismisses Long's ADA claim, giving him leave to file an amended complaint that further explains the factual and legal basis of the claim. It may well be that Long can assert a viable ADA claim but he has just failed to do so on the present Complaint.

The court notes that, to recover monetary damages for any alleged violation of § 12132, Long must prove discriminatory intent. See Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001) ("To recover monetary damages under Title II of the

6

ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant.); Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998) ("compensatory damages are not available under Title II [of the ADA] . . . absent a showing of discriminatory intent").

        C.    Long's Claim(s) Against David Boult, If Any, Are Dismissed.

On the second page of the Complaint, Long asserts that, "[o]n May 27, 2008, as a result of the negligence by Agent David Boult, I was returned to custody for his failing to remove old CDC 3056." To the extent the Complaint seeks to assert any claim based on this allegation, the claim is dismissed, as it fails to sufficiently allege facts to demonstrate a claim upon which relief may be granted. See Twombly, 550 U.S. 544, ___, 127 S. Ct. at 1974; Lazy Y Ranch Ltd., 546 F.3d at 588. Long may be attempting to assert a claim of negligence against Boult, but Long's bare-bones allegations do not provide this court or Boult with sufficient information to determine the nature of the claim. Long is given leave to file an amended complaint with more detailed allegations concerning claims against Boult.

III.    CONCLUSION.

For the foregoing reasons, the court dismisses Long's Complaint in its entirety. Long, however, is given leave to file an amended complaint no later than February 26, 2009. In this amended complaint, Long may reallege his ADA claim against the

California Department of Corrections and Rehabilitation.  Long may also reallege his claims against Boult.  He may not, however, reassert his § 1983 and negligence claims for money damages against the California Department of Corrections and Rehabilitation, as it has Eleventh Amendment immunity from such claims.  The amended complaint must be a complete document on its own.  That is, it may not incorporate by reference or attach the original Complaint.  If Long fails to amend his Complaint by February 26, 2009, the Clerk of Court is directed to automatically enter judgment against Long pursuant to this order.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, January 30, 2009.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

Long v. California Department of Corrections and Rehabilitation, 2: 08-CV-2350 SOM; SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND